Dear Mr. Jeane:
This office is in receipt of your opinion request in which you ask multiple questions regarding various public officials and issues relating to local offices in Pineville. Questions A-F, as well as the second question in Paragraph I of your opinion request, regard determinations of fact relating to specific instances in your area. Our office does not give opinions relating to matters which are candidate for civil or criminal litigation. Thus, we would suggest that you contact your local district attorney regarding the possible status of criminal charges arising from the facts you have presented to us. The following addresses questions G, H, and the first question of Paragraph I from your request.
In paragraph G of your request, you ask the following:
 Is it legal for public vehicles to be removed from the state of Louisiana for any reason other than business directly related to a public function? Must there be records kept which clearly indicate the reason for all out of state travel? Must authorization for the trip be received from the Division of Administration before the public vehicle leaves the state?
LSA-R.S. 42:1461 states in part:
 A. Officials, whether elected or appointed and whether compensated or not, and employees of any "public entities", . . . by the act of accepting such office or employment assume a personal obligation not to misappropriate, misapply, convert, misuse, or otherwise wrongfully take any funds, property, or other thing of value belonging to or under the custody or control of the public entity in which they hold office or are employed.
This statute has been interpreted in other Attorney General Opinions such as 89-363 to state that the use of state property for purely private purposes is not permitted and that if an official travels to another state for the sole purpose of visiting a friend or relative in the other state and there is no public purpose for using the vehicle, then the use of the vehicle is prohibited. The statute stands for the proposition that a public vehicle may not be used for a purely private purpose whether in state or out of state.
Regarding the question of records kept on out-of-state travel, public officials must follow the guidelines placed upon them by the organization or state agency funding such travel. This reporting requirement will vary depending on which public official is traveling. If the public official is a local official he must follow the guidelines put forth by the local governing authority. The state Division of Administration should be consulted if the public official is other than a local official.
In paragraph H of your request, you ask the following:
 Must public vehicles be clearly marked as such? Does current state law require public vehicles to have public plates? Under what circumstances may public vehicles be used without public plates or public insignia? May public works employee designated as an auxiliary police officer, but never trained in any official police academy or Post Council Law Enforcement Certification process be authorized to drive an unmarked public vehicle?
LSA-R.S. 49:121 states in part:
 § 121. Name of board, department, or subdivisions; marking on boat or vehicle; Louisiana public license plates; exemptions
 A. (1) Every automobile belonging to the state or any of its political subdivisions, or to any department, board, commission, or agency of any of its political subdivisions shall have inscribed, painted, decaled, or stenciled conspicuously thereon . . . the name of the board, commission, department, agency, or subdivision of the state to which the boat, watercraft, aircraft, automobile, truck or other vehicle belongs.
* * *
 B. The name of the board, commission, department, agency or political subdivision, in accordance with the provisions of Subsection A of this Section, shall be placed on the outside of the door on each side of every automobile, truck or other vehicle. If the vehicle is equipped with more than one door on each side, the name shall be placed on the outside of the doors nearest the front of the vehicle. In the case of boats and water craft, the name shall be placed on each side of the bow and, if there is sufficient room, on the stern.
* * *
 E. Those vehicles used in crime prevention and detection and similar investigative work, which if identified as required by this Section could not be used effectively for such purposes, are exempt from the provisions of this Part, and, in addition, the vehicles used by the governor, lieutenant governor, statewide elected officials, state schools for the deaf, blind, spastic, and cerebral palsied, Special School District Number One, and any community and group homes and residential facilities administered by the Department of Social Services or the Department of Health and Hospitals are exempt from the provisions of this Part.
* * *
As stated in this statute, all public vehicles must be clearly marked with the name of the agency or political subdivision to which the vehicle belongs, and all public vehicles must have a Louisiana public license plate with the exception of those public vehicles which would fall within section E as stated above.
Regarding your question about the use of vehicles by an auxiliary police officer, please note Attorney General Opinion 93-386, which, citing Cogswell v. Town of Logansport, 321 So.2d 774
(La.App. 2nd Cir. 1975), states:
 "in which the court recognized that the chief of police has the power to supervise the operation of the police department and assign its personnel and equipment. Because the chief of police is the chief law enforcement officer within the municipality, this office is of the opinion that those auxiliary officers acting as agents of the municipality are subject to any administrative policy which the chief of police may choose to implement."
Thus, any authorization given to the auxiliary police officer to drive a public vehicle must be given from the chief of police. Regarding the unmarked public vehicle, it must meet the qualifications of R.S. 49:121 as stated above.
In paragraph I of your request, you ask the following:
 May public credit cards be used to purchase gasoline and/or services outside of the state of Louisiana for any reason other than official public business?
Please note again that we defer answering the second question of paragraph I as this constitutes factual determination of a possible crime which is left to the discretion of the District Attorney's Office and the courts. Regarding the use of credit cards for personal business, please note again R.S. 42:1461 as referenced above which governs the use of public property. Please also note Louisiana Constitution Article VI, § 14A, which states in part:
A. Prohibited Uses.
 Accept as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or any political subdivision, shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private.
As per our telephone conversation, this opinion regards credit cards issued in the name of the public entity and for which the bill and liability go to the public entity. R.S. 42:1461
prohibits officials from misusing public property for personal purposes. This statute prohibits a public official from using a public credit card to purchase personal goods and services. This office held in opinion 92-597 that a parish employee or officer is prohibited from using a credit card which has been issued to a public entity for personal purchases unless he has been given specific authority by the public entity. A parish employee or official faces possible criminal liability where he writes insufficient checks to pay for private purchases made on government issued credit cards. The decision to charge an individual in a criminal case is within the discretion of the local district attorney.
We hope this opinion sufficiently addresses your concerns. If we may be of further assistance, please contact our office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ J. RICHARD WILLIAMS Assistant Attorney General